HENRY WEISSMANN (State Bar No. 132418)
Henry.Weissman@mto.com
J. RAZA LAWRENCE (State Bar No. 233771)
Raza.Lawrence@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:  (213) 683-9100
Facsimile: (213) 687-3702

MICHAEL E. ROSMAN (*pro hac vice*)
rosman@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1233 20th Street, N.W., Suite 300
Washington, DC  20036
Telephone:  (202) 833-8400
Facsimile:  (202) 833-8410

Attorneys for Plaintiff

EDMUND G. BROWN JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General
RICHARD F. WOLFE, State Bar No. 85346
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 Telephone:  (619) 645-2482
 Fax:  (619) 645-2012
 Email:  Richard.Wolfe@doj.ca.gov

Attorneys for Defendants Lillianita T. Brumfield,
Belinda Brown, and Phyllis Cheng

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE WALTZ, | ED CV 08-0432-SGL(OP) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| LILLIANITA T. BRUMFIELD, et al., | |
| Defendants. | |

1

**1.     Purposes and Limitations**

Disclosure and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.     Definitions**

2.1.   "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.   "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.   "Confidential" information or items means information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under FED. R. CIV. P. 26(c).

2.4.   "Receiving Party" means a party who receives Disclosure or Discovery Material from a Producing Party.

///

2

1    2.5.   "Producing Party" means a Party or non-Party who produces
2    Disclosure or Discovery Material in this action.

3    2.6.   "Designating Party" means a Party or non-Party who designates
4    information or items it produces in disclosures or in response to discovery as
5    "Confidential."

6    2.7.   "Protected Material" means any Disclosure or Discovery Material that
7    is designated as "Confidential."

8    2.8.   "Outside Counsel" means attorneys who are not employees of a Party
9    but who are retained to represent or advise a Party in this action.

10   2.9.   "House Counsel" means attorneys who are employees of a Party.

11   2.10.  "Counsel" (without qualifier) means Outside Counsel and House
12   Counsel (as well as their support staffs).

13   2.11.  "Expert" means a person with specialized knowledge or experience in
14   a matter pertinent to the litigation who has been retained by a Party or its counsel
15   to serve as an expert witness or as a consultant in this action and who is not a past
16   or a current employee of a Party or of a competitor of a Party's and who, at the
17   time of retention, is not anticipated to become an employee of a Party or a
18   competitor of a Party's.  This definition includes a professional jury or trial
19   consultant retained in connection with this litigation.

20   2.12.  "Professional Vendors" means persons or entities that provide
21   litigation support services (e.g., photocopying; videotaping; translating; preparing
22   exhibits or demonstrations; organizing, storing, retrieving data in any form or
23   medium; etc.) and their employees and subcontractors.

24   **3.   SCOPE**

25   The protections conferred by this Stipulated Protective Order cover not only
26   Protected Material, but also any information copied or extracted therefrom, as well
27   as all copies, excerpts, summaries, or compilations thereof, plus testimony,
28   ///

3

1    conversations, or presentations by parties or counsel to or in court or in other

2    settings that might reveal Protected Material.

3        **4.    DURATION**

4        Even after the termination of this litigation, the confidentiality obligations

5    imposed by this Stipulated Protective Order shall remain in effect until a

6    Designating Party agrees otherwise in writing or a court order otherwise directs.

7        **5.    DESIGNATING PROTECTED MATERIAL**

8        5.1.   Exercise of Restraint and Care in Designating Material for Protection.

9    Each Party or non-Party who designates information or items for protection under

10   this Stipulated Protective Order must take care to limit any such designation to

11   specific material that qualifies under the appropriate standards.  A Designating

12   Party must take care to designate for protection only those parts of material,

13   documents, items, or oral or written communications that qualify – so that other

14   portions of the material, documents, items, or communications for which

15   protection is not warranted are not swept unjustifiably within the ambit of this

16   Order.  Mass, indiscriminate designations are prohibited.  Designations that are

17   shown to be clearly unjustified, or that have been made for an improper purpose

18   (e.g., to unnecessarily encumber or retard the case development process, or to

19   impose unnecessary expenses and burdens on other parties), expose the

20   Designating Party to sanctions.

21       If it comes to a Party's or non-Party's attention that information or

22   items that it designated for protection do not qualify for protection at all, or do not

23   qualify for the level of protection initially asserted, that Party or non-Party must

24   promptly notify all other parties that it is withdrawing the mistaken designation.

25       5.2.   Manner and Timing of Designations.  Except as otherwise provided in

26   this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a),

27   below), or as otherwise stipulated or ordered, material that qualifies for protection

28   ///

4

1   under this Stipulated Protective Order must be clearly so designated before the

2   material is disclosed or produced.

3         (a)   For information in documentary form (apart from transcripts of

4   depositions or other pretrial or trial proceedings), the Producing Party shall affix

5   the legend "CONFIDENTIAL" at the top of each page that contains protected

6   material.

7         A Party or non-Party who makes original documents or

8   materials available for inspection need not designate them for protection until after

9   the inspecting Party has indicated which material it would like copied and

10  produced. After the inspecting Party has identified the documents it wants copied

11  and produced, the Producing Party must determine which documents qualify for

12  protection under this Stipulated Protective Order.

13        (b)   For testimony given in deposition or in other pretrial or trial

14  proceedings, the Party or non-Party offering or sponsoring the testimony shall have

15  up to 20 days to identify the specific portions of the testimony as to which

16  protection is sought.

17        Transcript pages containing Protected Material must be

18  separately bound by the court reporter, who must affix to the top of each such page

19  the legend "CONFIDENTIAL" as instructed by the Party or non-Party offering or

20  sponsoring the witness or presenting the testimony.

21        (c)   For information produced in some form other than

22  documentary, and for any other tangible items, the Producing Party shall affix in a

23  prominent place on the exterior of the container in which the information or item is

24  stored the legend "CONFIDENTIAL."

25        5.3.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

26  failure to designate qualified information or items, does not, standing alone, waive

27  the Designating Party's right to secure protection under this Stipulated Protective

28  Order for such material.  If material is appropriately designated as "Confidential"

1   after the material was initially produced, the Receiving Party, on timely

2   notification of the designation, must make reasonable efforts to assure that the

3   material is treated in accordance with the provisions of this Stipulated Protective

4   Order.

5        **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6        6.1.   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating

7   Party's confidentiality designation is necessary to avoid foreseeable substantial

8   unfairness, unnecessary economic burdens, or a later significant disruption or delay

9   of the litigation, a Party does not waive its right to challenge a confidentiality

10  designation by electing not to mount a challenge promptly after the original

11  designation is disclosed.

12       6.2.   <u>Meet and Confer</u>.  A Party who elects to initiate a challenge to a

13  Designating Party's confidentiality designation must do so in good faith and must

14  begin the process by conferring directly with counsel for the Designating Party.  In

15  conferring, the challenging Party must explain the basis for its belief that the

16  confidentiality designation was not proper and must give the Designating Party an

17  opportunity to review the designated material, to reconsider the circumstances,

18  and, if no change in designation is offered, to explain the basis for the chosen

19  designation.  A challenging Party may proceed to the next stage of the challenge

20  process only if it has first engaged in this meet and confer process.

21       6.3.   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

22  confidentiality designation after considering the justification offered by the

23  Designating Party may file and serve a motion under Civil Local Rules 37-1

24  through 37-4, and Civil Local Rule 79-5, if applicable.  Until the Court rules on the

25  challenge, all parties shall continue to afford the material in question the level of

26  protection to which it is entitled under the Producing Party's designation.

27  ///

28  ///

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL *only* to the following.

(a)     The Receiving Party's Outside Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation.

(b)     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation.

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(d)     The Court and its personnel.

(e)     Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(f)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  At the request of any Party, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     The author of the document or the original source of the information.

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**9.     FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Material designated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order may be filed under seal pursuant to Civil Local Rule 79-5.

**10.     FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this section, "all

1  Protected Material" includes all copies, abstracts, compilations, summaries or any

2  other form of reproducing or capturing any of the Protected Material. With

3  permission in writing from the Designating Party, the Receiving Party may destroy

4  some or all of the Protected Material instead of returning it.  Whether the Protected

5  Material is returned or destroyed, the Receiving Party must submit a written

6  certification to the Producing Party (and, if not the same person or entity, to the

7  Designating Party) by the 60 day deadline that identifies (by category, where

8  appropriate) all the Protected Material that was returned or destroyed and that

9  affirms that the Receiving Party has not retained any copies, abstracts,

10  compilations, summaries or other forms of reproducing or capturing any of the

11  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

12  an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

13  correspondence or attorney work product, even if such materials contain Protected

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1   Material.  Any such archival copies that contain or constitute Protected Material

2   remain subject to this Protective Order as set forth in Section 4 (DURATION),

3   above.

4

5   Dated:  March 20, 2009                 MUNGER, TOLLES & OLSON LLP
                                         HENRY WEISSMANN

6                                     J. RAZA LAWRENCE

7                             CENTER FOR INDIVIDUAL RIGHTS
                                       MICHAEL E. ROSMAN

8

9

10                            By: /s/ ***J. Raza Lawrence***
                           J. RAZA LAWRENCE

11                           Attorneys for Plaintiff Julie Waltz

12

13   Dated:  April 6, 2009                   EDMUND G. BROWN JR.
                                      Attorney General of the State of California

14                           KRISTIN G. HOGUE
                                      Supervising Deputy Attorney General

15

16                           /s/ ***Richard F. Wolfe***

17                           RICHARD F. WOLFE
                                      Deputy Attorney General

18                           Attorneys for Defendants Lillianita T.
                                      Brumfield, Belinda Brown, and Phyllis

19                                       Cheng

20

21

22   **IT IS SO ORDERED.**

23

24   Dated: 4/17/09                    _____

25                           HONORABLE OSWALD PARADA
                          United States Magistrate Judge

26

27

28

Exhibit A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [*print or type full name*], of _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Waltz v. Brumfield, et al.*, Case No. ED CV 08-0432 SGL(OPx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

11